RAVENS *et al., Appellants*, v. NAU *et al.*

Division One, June 6, 1892.

1. **Husband and Wife:** CONVEYANCE TO HUSBAND BY WIFE. A wife may, without a money consideration, convey her property to a third person and the latter to her husband, and the transaction will stand unless set aside for fraud.

2. ———: ———. The facts that she complained that her son did not treat her with due respect after her second marriage, that she was much older than her husband, and that her deed to the latter had the effect of disinheriting her son and granddaughter, are not sufficient, standing alone, to set aside the deed.

Ravens v. Nau.

*Appeal from St. Louis County Circuit Court.*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

*Zach. J. Mitchell* and *Robert M. Nichols* for appellants.

The record and evidence in this case is submitted in full, and, speaking for itself, submits but the one issue: Did the deeds in evidence transfer said property to defendant, or is the title thereto vested in plaintiffs, as heirs of the said Anna C. Nau, deceased, and upon said record, evidence and statement the case is respectfully submitted.

*Fisse & Allen* for respondents.

The appeal is entirely barren of right, and the judgment of the court below ought to be affirmed.

BLACK, J.—Jacob F. Ravens by his last will devised two parcels of land to his widow, Ann C. Ravens. Thereafter she married the defendant, Henry Nau, and on the nineteenth of November, 1883, they joined in a deed conveying the land to Jacob Klein, who, at the same time, conveyed it to Henry Nau. These deeds recite a consideration of $5 and love and affection of Ann for her then husband. Ann C. Nau died, leaving no children by the second marriage. The plaintiff, William W. Ravens, is a son of Ann C. by the first marriage, and the other plaintiff is a minor granddaughter, and they are the only heirs-at-law of said Ann C. They brought this suit in equity to set aside the before-mentioned deeds, alleging that Ann C. Nau was weak in body and mind, and that Henry Nau

fraudulently induced her to execute the deed to Klein, without paying any consideration therefor, and that both deeds were executed in fraud of the rights of the plaintiffs as such heirs-at-law.

The meager evidence produced in support of the general charge of fraud discloses the following circumstances: Henry Nau was twenty-six and Ann C. was sixty-five years of age when they were married, the date of which is not stated. Before the execution of the deed to Klein, she complained of ill treatment on the part of the plaintiff, William W. Ravens, and said she intended to fix her property so he would get no benefit from it, but she did not mention the granddaughter. The deeds were made after she had consulted with Mr. Klein as her legal adviser; she received no money consideration for the conveyance.

There can be no doubt but the deed from Mrs. Nau to Klein vested the title in him, and his deed vested it in Henry Nau. She owned the property, and had a right to convey it to her husband if she saw fit so to do. The transaction must stand unless set aside for fraud. Now there is no evidence that she was weak in body or in mind. Nor is there any evidence that Nau induced her to make the deed by undue influence. The evidence does not even disclose the value of the property. She executed the deed after consultation with her adviser, and it appears to have been a deliberate act on her part. The complaint made by her that her son William did not treat her with due respect after her second marriage, the inequality between her age and that of Nau, and the fact that the deeds had the effect to disinherit her son and granddaughter, are the only circumstances disclosed having any tendency to show fraud or undue influence. The plaintiffs cite us to no cases to show that these circumstances, standing alone as they do, are sufficient to set aside a deed

between husband and wife. While the transaction is one which we cannot commend, still the evidence fails to show any fraud or undue influence on the part of Nau. The plaintiffs have failed to make out a case, and the judgment is affirmed. All concur. *